IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **MICHAEL WAYNE LYON**, <br><br> Defendant. | Case No. 3:21-cr-00035-IM-1 <br><br> **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE** |

Suzanne Miles, Assistant United States Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204.

Michael Lyon, Reg. No. 23257-509, FCI Elkton, Federal Correctional Institution, P.O. Box 10, Lisbon, OH 44432. Pro se.

**IMMERGUT, District Judge.**

Defendant Michael Wayne Lyon moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for using a minor to produce a visual depiction of sexually explicit conduct in violation of 18 U.S.C. § 2251(a) and (e). Defendant argues that the Government presented false testimony at trial and that his trial counsel rendered ineffective assistance of counsel by failing to investigate and challenge the purportedly false testimony. Defendant's claims fail because they either are procedurally defaulted or do not demonstrate prejudice. This Court denies the motion

PAGE 1 – **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

without an evidentiary hearing because "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief." 28 U.S.C. § 2255(b).[1]

## BACKGROUND

After a three-day trial, the jury convicted Defendant on one count of using a minor to produce a visual depiction of sexually explicit conduct in violation of 18 U.S.C. § 2251(a). Jury Verdict, ECF 88. In post-judgment proceedings, this Court denied Defendant's Motion for Judgment of Acquittal, ECF 97, and sentenced him to 300 months imprisonment followed by 10 years of supervised release. Judgment, ECF 117. The Ninth Circuit affirmed Defendant's conviction and sentence. *See United States v. Lyon*, No. 23-417, 2024 WL 3102802 (9th Cir. June 24, 2024). Defendant now moves to vacate his sentence under 28 U.S.C. § 2255. ECF 131.

## STANDARDS

"A federal prisoner may collaterally attack the legality of his conviction or sentence through a motion to vacate, set aside, or correct his sentence under [28 U.S.C.] § 2255." *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022). A § 2255 motion may challenge a sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a); *see Jones v. Hendrix*, 599 U.S. 465, 473 (2023) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (brackets in original) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974))).

Under § 2255, a defendant is entitled to a hearing in which the court "make[s] findings of fact and conclusions of law," "[u]nless the motion and files and records of the case conclusively

---

[1] Defendant also filed a motion for appointment of counsel. ECF 136. Defendant's briefing demonstrates "a good understanding of the issues," and the "'interests of justice'" do not require that Defendant be appointed counsel. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (quoting 18 U.S.C. § 3006A(g)); *see also Pavulak v. Blanckensee*, 14 F.4th 895, 897 (9th Cir. 2021) ("Federal prisoners are not entitled to counsel in post-conviction proceedings.").

PAGE 2 – **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(a); *see United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) ("[T]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984))). Because Defendant is proceeding pro se, his motion is "to be liberally construed." *Jackson*, 21 F.4th at 1216.

## DISCUSSION

Defendant brings claims of prosecutorial misconduct, ineffective assistance of counsel, and cumulative error. Defendant's Memorandum in Support of Motion ("Def.'s Mem."), ECF 132 at 4–16. Defendant's prosecutorial misconduct claims are procedurally defaulted, and Defendant has not met any exception to excuse his default. Defendant's claims of ineffective assistance of counsel also fail because he cannot establish that any of the alleged errors of trial counsel prejudiced him. Therefore, this Court denies Defendant's § 2255 motion, ECF 131.

### A. Prosecutorial Misconduct

Defendant argues that the Government presented false testimony from MV1 and FBI Special Agent Jennifer Duke in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). Def.'s Mem., ECF 132 at 6–11; *see Panah v. Chappell*, 935 F.3d 657, 664 (9th Cir. 2019) ("In *Napue*, the Supreme Court held 'that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment.'" (quoting 360 U.S. at 269)). Defendant argues that although MV1 testified that Defendant had his back to the door and took off his pants when he forced MV1 to perform oral sex on him, the video shows a man facing a door who is "still wearing" his pants. Def.'s Mem., ECF 132 at 6. Defendant contends that these purported inconsistencies "undercut the primary defense theory at trial" and undermine MV1's credibility. *Id.* at 9. He also argues that the Government presented false testimony from Special Agent Duke that the phone number used to create a Snapchat account associated with

PAGE 3 – **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

Defendant was linked to a "burner phone," even though the phone number was linked to a VOIP service. *Id.* at 11, 15.

These claims are procedurally defaulted because Defendant did not raise them on direct appeal. *See United States v. Draper*, 84 F.4th 797, 801 (9th Cir. 2023). Consequently, Defendant may raise these claims "only if he can demonstrate either cause and actual prejudice or his actual innocence." *Id.* Actual prejudice requires a defendant "to establish not merely that the errors at trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Fauber v. Davis*, 43 F.4th 987, 1002–03 (9th Cir. 2022) (quoting *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019)). And actual innocence requires a defendant to show that "'in light of new evidence' or new legal developments, 'it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.'" *United States v. Ovsepian*, 113 F.4th 1193, 1201 (9th Cir. 2024) (brackets omitted) (quoting *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013)).

Defendant cannot demonstrate actual prejudice or actual innocence. Defendant argues that correcting MV1's testimony "would have served to refute the inference that [he] removed his pants but still kept his phone at hand because making a visual depiction of the sex act was a dominant, significant, or motivating purpose for using MV1 in the sex act." Def.'s Mem., ECF 132 at 13. Regardless of the precise positioning of his pants or where he was standing in the room, Defendant cannot refute the evidence that he "had MV1 perform oral sex on him, and he videorecorded her." Order Denying Motion for Judgment of Acquittal, ECF 97 at 3. As the Ninth Circuit held on direct appeal, there was sufficient evidence that "recording a video was a 'dominant, significant or motivating purpose.'" *Lyon*, 2024 WL 3102802, at *1 (quoting *United States v. Rosenow*, 50 F.4th 715, 740 (9th Cir. 2022)). The Ninth Circuit cited a multitude of

PAGE 4 – **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

evidence, including that Defendant "recorded himself and [MV1] engaging in sexually explicit conduct in the video" and that Defendant "repeatedly threatened to leak naked content of [MV1] online." *Id.* None of the evidence that the Ninth Circuit cited depended on the purported inconsistencies in MV1's testimony. *See id.* Defendant also does not explain how Special Agent Duke's reference to a phone number obtained from a VOIP service as a "burner number" prejudiced him. Therefore, Defendant does not demonstrate that any of the allegedly false testimony "worked to his *actual* and substantial disadvantage." *Fauber*, 43 F.4th at 1002–03 (quoting *Bradford*, 923 F.3d at 613). For the same reasons, Defendant cannot demonstrate that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Ovsepian*, 113 F.4th at 1201 (quoting *Larsen*, 742 F.3d at 1088).[2]

## B. Ineffective Assistance of Counsel

Defendant next argues that his trial counsel was ineffective in failing to fully investigate the purported inconsistencies in MV1's testimony regarding his pants and location in the room, which form the basis of his *Napue* claim. Def.'s Mem., ECF 132 at 12–13. Defendant also argues that his trial counsel failed to impeach MV1 and Special Agent Dukes on the same alleged inconsistencies discussed above. *Id.* at 14–15. Defendant did not raise these claims on appeal, but unlike Defendant's prosecutorial misconduct claims, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

---

[2] For the first time in his reply brief, Defendant advances the argument that he can demonstrate his actual innocence by offering evidence that his phone and wallet were stolen in 2017. Defendant's Reply, ECF 144 at 8–9. But even assuming that Defendant's phone and wallet were stolen in 2017, this does not negate the evidence of his conduct in 2018 when he committed the underlying offense. *See* Order Denying Motion for Judgment of Acquittal, ECF 97 at 2–3.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "his counsel's performance was constitutionally deficient, meaning it fell below an objective standard of reasonableness" and (2) "his counsel's deficient performance prejudiced his defense." *Chong v. United States*, 112 F.4th 848, 854–55 (9th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022) (quoting *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995)).

Defendant cannot demonstrate the requisite prejudice to prevail on his claims of ineffective assistance of counsel. As the Ninth Circuit recounted on direct appeal, MV1 testified that:

> (1) she exchanged nude photographs with Lyon before they met, (2) before Lyon recorded the video at issue, she attempted to cut off communications with Lyon, who responded "violently" and threatened [MV1] and her family, (3) Lyon recorded himself and [MV1] engaging in sexually explicit conduct in the video at issue, (4) Lyon threatened to send the video to [MV1's] boyfriend because she "would not listen to him," (5) Lyon later sent the video to [MV1's] boyfriend and family, (6) Lyon continued to threaten [MV1] after he recorded the video, and (7) Lyon repeatedly threatened to leak naked content of [MV1] online.

*Lyon*, 2024 WL 3102802, at *1. In light of this testimony and other overwhelming evidence of Defendant's guilt at trial, *see* Gov't Response, ECF 138 at 2, there is no "reasonable probability" that the jury would have found Defendant innocent if MV1 and Special Agent Dukes had corrected their alleged inaccuracies. *Quintero-Barraza*, 78 F.3d at 1348 (quoting *Strickland*, 466 U.S. at 694)).

PAGE 6 – **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

### C. Cumulative Error

Defendant also brings a cumulative error claim based on the above alleged errors. Def.'s Mem., ECF 132 at 15–16. "Cumulative error warrants habeas relief where the errors 'so infected the trial with unfairness,' as to have a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Clark v. Chappell*, 936 F.3d 944, 993 (9th Cir. 2019) (per curium) (first quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); and then quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)), *amended by* 948 F.3d 1172 (9th Cir. 2020) (mem.). Considering the "overwhelming" evidence of Defendant's guilt discussed above, the "relative harm caused by the [purported] errors" do not warrant habeas relief. *Parle v. Runnels*, 505 F.3d 922, 927–28 (9th Cir. 2007); *see also United States v. Maolin*, 973 F.3d 977, 1006 (9th Cir. 2020) ("[T]he cumulative effect of such claimed errors is also harmless because it is more probable than not that, taken together, they did not materially affect the verdict." (quoting *United States v. Fernandez*, 388 F.3d 1199, 1256–57 (9th Cir. 2004))).

### D. Certificate of Appealability

To obtain a certificate of appealability under 28 U.S.C. § 2253(c), Defendant must demonstrate "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). As to Defendant's *Napue* claims, reasonable jurists could not debate that these claims are procedurally defaulted and no exception to procedural default applies. As to Defendant's ineffective assistance of counsel and cumulative error claims, reasonable jurists could not debate that none of these claims state a valid claim of the denial of a constitutional right. Therefore, this Court denies a certificate of appealability on all of Defendant's claims.

## CONCLUSION

Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF 131, is DENIED. A certificate of appealability under 28 U.S.C. § 2253(c) is DENIED with respect to all of Defendant's claims. Defendant's Motion for Appointment of Counsel, ECF 136, is DENIED.

**IT IS SO ORDERED.**

DATED this 24th day of September, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge